[Cite as *State v. Crutchfield*, 2012-Ohio-2892.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| ADRIAN L. CRUTCHFIELD | Case No. 11-COA-049 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 11-CRI-055


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            June 26, 2012


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DANIEL J. PETRICINI                     ERIN N. POPLAR
110 Cottage Street                      1636 Eagle Way
Third Floor                              Ashland, OH  44805
Ashland, OH  44805

*Farmer, J.*

{¶1} On May 26, 2011, the Ashland County Grand Jury indicted appellant, Adrian Crutchfield, on one count of safecracking in violation of R.C. 2911.31, one count of petty theft in violation of R.C. 2913.02, one count of possessing criminal tools in violation of R.C. 2923.24, one count of tampering with evidence in violation of R.C. 2921.12, and one count of breaking and entering in violation of R.C. 2911.13. Said charges arose from an incident wherein appellant entered a place of business and removed rolled coins from a safe.

{¶2} On July 21, 2011, appellant pled guilty to the safecracking, petty theft, and possessing criminal tools counts. The remaining counts were dismissed. By judgment entry filed November 7, 2011, the trial court sentenced appellant to an aggregate term of twenty-seven months in prison: eighteen months on the safecracking count, a felony of the fourth degree, one hundred and eighty days on the petty theft count, a misdemeanor in the first degree, and nine months on the possessing criminal tools count, a felony in the fifth degree, all to be served consecutively.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE ON APPELLANT WITHOUT FINDING THAT APPELLANT IS NOT AMENABLE TO AN AVAILABLE COMMUNITY CONTROL SANCTION AS REQUIRED BY OHIO REVISED CODE 2929.13(B)(3)(a)."

II

{¶5}    "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM PRISON TERM FOR THE HIGHEST DEGREE OFFENSE, A FOURTH DEGREE FELONY, WHEN SENTENCING APPELLANT FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT."

I

{¶6}    Appellant claims the trial court erred in imposing a prison sentence without finding he was not amenable to community control as required under R.C. 2929.13(B)(3)(a).  We disagree.

{¶7}    Pursuant to R.C. 2953.08(A)(4), an offender may appeal his/her prison sentence if it is "contrary to law."

{¶8}    In its judgment entry filed November 7, 2011, and also during the October 31, 2011 sentencing hearing at 12, the trial court specifically found appellant had previously served a prison term under R.C. 2929.13(B)(2)(g).  Subsection (B)(3)(a) states the following:

{¶9}    "If the court makes a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."

{¶10}  Appellant argues his sentence was contrary to law as the trial court failed to enter a finding that he was not amenable to community control.

{¶11}  In its November 7, 2011 judgment entry, the trial court specifically stated the following:

{¶12}  "Based upon consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings, this Court finds that the Defendant is NOT amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of the felony sentencing law of Ohio."

{¶13}  Clearly the question under this assignment of error is whether the trial court erred in not orally stating during the sentencing hearing that appellant was not amenable to community control.  In *State v. Knighton* (May 24, 1999), Stark App. No. 1998CA001901, this court reviewed a sentence wherein the offender argued the trial court erred in failing to make specific findings under then R.C. 2929.14(B).  This court held, "sentencing findings can be gleaned from a specific fact oriented narrative by the trial court."

{¶14}  During the sentencing hearing, the trial court reviewed appellant's criminal history and informed him that he was "probably [the] most institutionalized individual that's come before me in my short tenure of Judge."  October 31, 2011 T. at 10.  The trial court also noted that appellant had the following:

{¶15}  "[T]hree Community Control violations, two of them Post-Release Control Violations, and another one being a violation of Judicial Release, so you have had opportunities in the past to reform your conduct under Community Control type of sanctions, and the last time in Richland County in 2004, it looks like you were only out about two months before you were violated under your Judicial Release."  Id. at 11.

{¶16} Upon review, we find the trial court adequately found that appellant was not amenable to community control.

{¶17} Assignment of Error I is denied.

II

{¶18} Appellant claims the trial court erred in imposing the maximum sentence for two or more offenses arising out of a single incident. We disagree.

{¶19} Pursuant to R.C. 2953.08(A)(1)(b), an offender may appeal his/her prison sentence if the sentence "was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree."

{¶20} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶21} "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶22} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶23} In his brief at 6, appellant correctly points out that his sentences for a fourth degree felony (eighteen months) and a fifth degree felony (nine months) were within the allowable prison terms and were not contrary to law as to duration. R.C. 2929.14(A)(4) and (5). Appellant argues the trial court erred in sentencing him to the

maximum allowable prison sentence of eighteen months on the felony four offense, and said sentence will place an unnecessary burden on state resources.

{¶24} R.C. 2929.11 governs overriding purposes of felony sentences and states as follows:

{¶25} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶26} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶27} During the sentencing hearing, the trial court informed appellant of this standard. October 31, 2011 T. at 11. The trial court was concerned with the likelihood of appellant committing future crimes, noting he had a history of criminal conduct (going back over twenty-five years) and had violated the conditions of his parole and

community control on numerous occasions. Id. at 11-13; Pre-Sentence Investigation Report filed Under Seal on November 18, 2011.

{¶28} In sentencing appellant to the maximum eighteen months on the felony four, the trial court found the following:

{¶29} "The Court further finds that the Defendant has previously served a prison term and that the shortest prison term would demean the seriousness of the Defendant's conduct and would not adequately protect the public from future crimes by the Defendant. Furthermore, the Court finds that consecutive sentences are necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and that due to the Defendant's history of criminal conduct consecutive sentences are necessary to protect the public." November 7, 2011 Judgment Entry.

{¶30} While appellant argues he is an admitted drug user needing substance abuse rehabilitation and therefore incarceration would be a waste of resources, protecting the public and punishment are the focus of R.C. 2929.11, not rehabilitation. This was not appellant's "first time at the rodeo." He has had ample opportunities to rehabilitate himself over the years.

{¶31} We note the trial court met the requirements of consecutive sentencing under R.C. 2919.14(C)(4)(c). See, H.B. No. 86, effective September 30, 2011.

{¶32} Upon review, we find the trial court did not abuse its discretion in sentencing appellant to the maximum on the felony four count and imposing an aggregate term of twenty-seven months in prison.

{¶33} Assignment of Error II is denied.

{¶34}  The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


 _s/ Sheila G. Farmer_____


 _s/ W. Scott Gwin_____


 _s/ Julie A. Edwards_____

                    JUDGES


SGF/sg  601

[Cite as *State v. Crutchfield*, 2012-Ohio-2892.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| ADRIAN L. CRUTCHFIELD | : | |
| Defendant-Appellant | : | CASE NO. 11-COA-049 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES