[Cite as *State v. Moyer*, 2019-Ohio-1187.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|      Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18 CA 0065 |
| SHAWN MOYER | |
|      Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Caes No.  16 CR 0430


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      March 29, 2019


APPEARANCES:

For Plaintiff-Appellee

NATHANIEL H. HURST
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio  43055

For Defendant-Appellant

KEVIN J. GALL
33 West Main Street
Suite 109
Newark, Ohio  43055

*Wise, J.*

**{¶1}** Defendant-Appellant Shawn Moyer appeals his sentence on one count of Aggravated Trafficking in Drugs entered in the Licking County Common Pleas Court following a revocation of his community control.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶3}** On July 21, 2016, Defendant-Appellant Shawn Moyer was indicted on one count of Aggravated Trafficking of Drugs (Methamphetamine), in violation of R.C. §2925.03(A)(1) and/or (2)(C)(1)(d), a felony of the second degree.

**{¶4}** On September 13, 2017, Defendant-Appellant entered a plea of guilty to an amended count of Aggravated Trafficking in Drugs, a felony of the third degree.

**{¶5}** On December 5, 2017, Defendant-Appellant was sentenced to a four (4) year term of community control, with a reserve sentence of thirty-six (36) months.

**{¶6}** On March 15, 2018, the Licking County Grand Jury returned a two-count Indictment against Defendant-Appellant in the Licking County Common Pleas Court case number 18-CR- 00141. Count One was Aggravated Burglary, and Count Two was Felonious Assault.

**{¶7}** On August 2, 2018, Defendant-Appellant entered a plea of guilty to Count Two of the indictment, Felonious Assault. The trial court sentenced Defendant-Appellant to a four (4) year prison term.

**{¶8}** On March 14, 2018, a motion to revoke community control was filed in case number 16-CR-00430. The violations of community control included the charges in case

number 18-CR- 00141, as well as Defendant-Appellant's admission to consuming alcohol while on community control.

**{¶9}** On May 9, 2018, the Defendant Appellant admitted to the second violation, consuming alcohol.

**{¶10}** On August 2, 2018, the trial court determined that Defendant was in violation of his community control and imposed his reserved thirty-six (36) month sentence.

**{¶11}** Appellant now appeals, assigning the following error for review:

ASSIGNMENT OF ERROR

**{¶12}** "I. THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT REVOKED HIS COMMUNITY CONTROL SANCTION AND IMPOSED A PRISON TERM WITHOUT FIRST MAKING EITHER OF THE REQUISITE FINDINGS AS REQUIRED BY R.C. 2929.13(E)(2)(a) OR (b).

**I.**

**{¶13}** In Appellant's sole assignment of error, Appellant argues that the trial court erred in imposing a sentence that was contrary to law. We disagree.

**{¶14}** More specifically, Appellant asserts the trial court erred "when it revoked his community control sanction and imposed a prison term without first making either of the requisite findings as required by R.C. 2929.13(E)(2)(a) or (b)."

**{¶15}** In accordance with R.C. §2953.08(A)(1), Appellant is entitled to appeal as of right the maximum sentence imposed on his conviction.

**{¶16}** We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶

22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶31. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

{¶17} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶18} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

{¶19} The *Marcum* court further noted

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard

that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

**{¶20}** *Id.*

**{¶21}** R.C. §2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. §2929.11(B).

**{¶22}** R.C. §2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. §2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶23}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. §2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer

required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100. *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

**{¶24}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶25}** Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶26}** There is no requirement in R.C. §2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. §2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Hughes*, 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶ 10 (trial court was not required to address each R.C. §2929.12 factor individually and make a finding as to whether it was

applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶27}** Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. Ryan*, 3rd Dist. Union No. 14–06–55, 2007–Ohio–4743, *citing Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial. A community control or probation revocation is not a criminal trial; therefore, appellee is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *Ryan, supra*, 2007–Ohio–4743, ¶ 7, *citing State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist. 1991). Instead, the state must show "substantial" proof Appellant violated the terms of his community control sanctions. *Id.* Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly*, 166 Ohio App.3d 808, 2006–Ohio–2353, 853 N.E.2d 675, at ¶ 18, *citing State v. Hayes,* 6th Dist. No. WD–00–075, unreported, 2001 WL 909291 (Aug. 10, 2001). "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance." *Id.*, citations omitted.

**{¶28}** While Appellant herein is only challenging his sentence, not his conviction, we do find the state demonstrated substantial proof that Appellant violated the terms of his community control.

**{¶29}** Upon review, we find the trial judge who conducted the original sentencing hearing heard the evidence that Appellant had violated the terms of his community control sanctions. That judge considered the testimony, including Taylor's statement, in determining the most appropriate manner to address the violation.

**{¶30}** At the disposition hearing on August 2, 2018, the trial court made the following findings, determining that imprisonment was consistent with the purposes and principles of sentencing:

I find that any presumption in favor of a concurrent term is overcome in this case because that offense, an F2 at least, right, was committed while he was on supervision for this offense and that concurrent terms would demean the seriousness of this offense necessary to protect the public and punish the offender and, frankly, his criminal history shows that consecutive terms are necessary to protect the public.

**{¶31}** (T. at 7).

**{¶32}** In its Judgment Entry, filed on August 2, 2018, the trial court further stated:

[T]he Court considered the record, the statements of the parties, any victim impact statement and Pre-sentence Investigation Report prepared, as well as, the purposes and principles of sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12.

**{¶33}** Based on the foregoing, we find the trial court considered the purposes and principles of sentencing [R.C. §2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. §2929.12]. The trial court has no

obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

**{¶34}**  Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court. We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. §2929.11, as well as the applicable factors set forth in R.C. §2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range for a felony of the third degree and therefore, we have no basis for concluding that it is contrary to law.

**{¶35}**  Appellant's sole assignment of error is overruled.

**{¶36}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0322