[Cite as *State v. Stoneking*, 2021-Ohio-2661.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JEFFERY STONEKING, | : | Case No. CT2021-0007 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2020-0473


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               August 3, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           TODD W. BARSTOW
Prosecuting Attorney                      261 West Johnstown Rd.
Muskingum County, Ohio                    Suite 204
                                          Columbus, Ohio 43230
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** Defendant-appellant Jeffery Stoneking appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 12, 2019, the Central Ohio Drug Enforcement Task Force, working with a confidential informant (CI), set up a controlled buy with appellant for the purchase of fentanyl. Arrangements were made to go to a parking lot at 760 Linden Avenue to make the purchase.

**{¶3}** The CI was tailed and kept under surveillance to the parking lot. Detectives then observed a woman, identified as Ashley Gheen, exit from a door on the south side of 760 Linden Avenue in Zanesville, Ohio. Gheen approached the CI on the driver's side door of the vehicle and money and drugs were exchanged. The transaction was recorded by both video and audio and was observed by detectives.

**{¶4}** Following the transaction, an investigation of Gheen took place. It was discovered that appellant and Gheen resided at an apartment at 760 Linden Avenue and sold drugs from that location. Upon serving a search warrant, 45.11 grams of heroin, fentanyl and carfentanil were located along with a firearm and drug paraphernalia.

**{¶5}** Appellant was interviewed and admitted to trafficking in drugs out of his residence at 760 Linden Avenue. Appellant also confirmed that he left a voicemail for a Detective in which he stated that all of the drugs found in the Linden Avenue apartment were his and that both he and Ashley Gheen were drug users. Ashley Gheen, during her interview, admitted to her participation and indicated that appellant had her do the transactions since he had a warrant and did not want to go outside.

{¶6}    On September 24, 2020, the Muskingum County Grand Jury indicted appellant on one count of possession of drugs( a fentanyl-related compound)  in violation of R.C. 2925.11(A), a felony of the first degree, one count of possession of drugs (heroin) in violation of R.C. 2925.11(A),  a felony of the second degree, one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(4), a felony of the third degree, and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. The indictment also contained two firearm specifications relating to appellant. At his arraignment on October 7, 2020, appellant entered a plea of not guilty to the charges.

{¶7}    Thereafter, on January 20, 2021, appellant withdrew his former not guilty plea and entered a plea of no contest to both counts of possession of drugs and the specifications and the count alleging possession of drug paraphernalia.  The trial court found appellant guilty of such counts. The remaining counts were dismissed.  The State agreed that the two possession of drug counts merged for purposes of sentencing and elected to sentence on Count One. Appellant was sentenced to a mandatory term of 11 years on Count one and a term of one (1) year on the firearm specification, to be served consecutively to that sentence. The trial court also sentenced appellant to 30 days for possession of drug paraphernalia and ordered that the same be served concurrently to Count One . Appellant was sentenced to an aggregate prison sentence of twelve years (12). The trial court also ordered that the sentence imposed in this case be served consecutively to the sentences that appellant was currently serving in two other cases.

**{¶8}** Appellant now raises the following assignment of error on appeal:

**{¶9}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

I

**{¶10}** Appellant, in his sole assignment of error, argues that the trial court erred in sentencing appellant in contravention of Ohio's sentencing statutes. Appellant specifically contends that imposing in the maximum sentence of eleven years, the trial court failed to fashion a sentence that complied with R.C. 2929.11 and 2929.12. We disagree.

**{¶11}** Pursuant to R.C. 2953.08(A)(1), appellant is entitled to an appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

**{¶12}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{**¶13**} As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

> A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{**¶14**} R.C. 2929.11 governs overriding purposes of felony sentencing and states, in relevant part, as follows:

{**¶15**} (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{**¶16**} (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's

conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶17} R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

{¶18} As noted by this court in *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17:

> Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

{¶19} "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 19.

{¶20} Appellant, in the case sub judice, does not argue that his sentence is not within the statutory range. Rather, appellant argues that the trial court, in sentencing him, gave no consideration to the dictates of R.C. 2929.11(A) and R.C. 2929.12.

**{¶21}** In the case sub judice, the trial court heard arguments by counsel. The trial court found that appellant had a history of criminal convictions and that a firearm was used. The trial court also was aware of appellant's prior cases.  The trial court stated, in relevant part, on the record:

> The Court also makes the further finding that consecutive sentences are necessary to protect the public and punish the offender and it's not disproportionate to the seriousness of the conduct and danger posed to the public.  The Court finds that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender.  And given the fact that there was a firearm involved and there's been harm involved in his past as well as the one he's currently serving, the Court finds this to be an appropriate sentence.

**{¶22}** Transcript of January 20, 2021 hearing at 30-31. The trial court ,in its January 25, 2021 Entry, stated that it had considered both the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

**{¶23}** Based on the foregoing, we find that the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶24} While appellant may disagree with the weight given to these factors by the trial judge, appellant's sentence was within the applicable statutory range for  and therefore, we have no basis for concluding that it is contrary to law. *State v. Moyer,* 5th Dist. Licking No. 18 CA 0065, , 2019-Ohio-1187, ¶ 34.

{¶25} Appellant's sole assignment of error is, therefore, overruled.

{¶26} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Delaney, J. concur.