[Cite as *State v. Cox*, 2017-Ohio-5550.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID COX | : | Case No. 16-CA-80 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County
                            Court of Common Pleas, Case No.
                            15 CR 539




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            June 21, 2017




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

WILLIAM C. HAYES                        STEVEN T. WOLFE
Licking County Prosecutor               Wolfe Law Group, LLC
                                        1350 W. 5th Ave., Ste. 124
By: JENNA E. JOSEPH                     Columbus, Ohio 43212
Assistant Prosecuting Attorney
20 S. Second Street, 4th Fl.
Newark, Ohio 43055

*Baldwin, J.*

{¶1} Appellant David Cox appeals a judgment of the Licking County Common Pleas Court convicting him of failure to comply with the order or signal of a police officer (R.C. 2921.331(B)(C)(3)), attempted burglary (R.C. 2911.12(A)(1), 2923.02(A)), having weapons under disability (R.C. 2923.13(A)(1),(3)), and improper handling of a firearm in a motor vehicle (R.C. 2923.16(B)).  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 4, 2015, appellant attempted to break into a home.  The homeowner saw appellant, whom he recognized, run through the backyard, jump into a maroon Chevy Impala, and drive away.  The homeowner called the police, giving them appellant's name.

{¶3} A police officer located appellant and attempted to initiate a traffic stop. Appellant sped away while reaching speeds in excess of 100 miles per hour.  When the vehicle was located abandoned in a cornfield, officers noted several rifles in plain sight inside the vehicle, including a high-powered rifle within easy reach of the driver's seat. Appellant was later arrested and admitted to driving the vehicle.

{¶4} Appellant was indicted by the Licking County Grand Jury with failure to comply with the order or signal of a police officer, attempted burglary, having weapons under disability, and improper handling of a firearm in a motor vehicle.   Appellant was found competent to stand trial after psychiatric examination.

{¶5} The State amended count one of the indictment, which charged appellant with  failure to comply with the order or signal of a police officer, from a felony of the third

degree to a first degree misdemeanor. Appellant then entered a plea of no contest to all charges. He was sentenced to ninety days incarceration for failure to comply with the order or signal of a police officer, thirty months incarceration for attempted burglary, thirty-six months incarceration for having weapons under disability, and twelve months incarceration for improper handling of a firearm in a motor vehicle. All sentences were to be served concurrently.

{¶6} Appellant assigns a single error to his sentence:

{¶7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM PRISON TERM FOR THE HIGHEST DEGREE OFFENSE WHEN SENTENCING APPELLANT FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT."

{¶8} Appellant argues that the court erred in failing to make findings in support of imposing the maximum sentence of thirty-six months for having weapons under disability. He argues the record does not demonstrate that the trial court considered appellant's mental illness in imposing the maximum sentence.

{¶9} Pursuant to R.C. 2953.08(A)(1)(b), appellant may appeal the instant sentence, as it was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree. Appellant argues that we review the instant sentence for an abuse of discretion pursuant to *State v. Kalish,* 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d 124. However, we no longer review sentences pursuant to the standard set forth in *Kalish.* We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist.

Stark No. 2015CA00004, 2015–Ohio–4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28. Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶10} R.C. 2953.08(G)(2)(a), allowing appellate review of whether the record supports findings made by the trial court, does not apply in the instant case. R.C. 2953.08(G)(2)(a) sets forth a standard for review of findings made pursuant to specific statutes, none of which are applicable to the instant case. Therefore, we only review the instant sentence to determine if it is contrary to law.

{¶11} A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Santos*, 8th Dist. Cuyahoga No. 103964, 2016-Ohio-5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.*

**{¶12}** In the instant case, a sentence of thirty-six months was within the statutory framework set forth in R.C. 2929.14(A)(3)(b) for a felony of the third degree. Further, the trial court stated in its sentencing entry that it had considered the record, oral statements, and the presentence investigation report, as well as the principles and purposes of sentencing set forth in RC. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. The sentence is therefore not contrary to law.

**{¶13}** Appellant's reliance on *State v. Crutchfield,* 5th Dist. Ashland No. 11-COA-049, 2012-Ohio-2892, is misplaced. First, we note that in *Crutchfield*, we reviewed the sentence for an abuse of discretion pursuant to the former standard of review as set forth in *Kalish, supra.* Further, we did not state that findings were required on the part of the trial court for a maximum sentence, but merely referred to the findings the court set forth in its entry in finding no abuse of discretion. *Id.* at ¶¶29-32.

**{¶14}** The assignment of error is overruled. The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.