[Cite as *State v. Webb*, 2019-Ohio-4195.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2018-0069 |
| | : | |
| DANA A. WEBB | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2018-0270


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         October 7, 2019


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

D. MICHAEL HADDOX                       JAMES ANZELMO
MUSKINGUM CO. PROSECUTOR                446 Howland Dr.
TAYLOR P. BENNINGTON                    Gahanna, OH 43230
27 North Fifth Street, P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, P.J.*

{¶1}   Appellant Dana A. Webb appeals from the September 27, 2018 Entry of conviction and sentence of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   This case arose on June 18, 2016, when a pair of witnesses were camping at Blue Rock State Park in Muskingum County, Ohio.  They observed a man, woman, and two little girls camping at the site next to theirs.  The witnesses observed the man repeatedly pull one of the little girls onto his lap as he sat in a chair.  The little girl kept getting down but the man pulled her back onto his lap.  The final time this occurred, the witnesses observed the man place the child's hand over his shorts in the area of his penis and rub himself with her hand in a sexual manner.

{¶3}   Upon investigation, the victim was determined to be nine years old, and the man was identified as appellant.[1]

{¶4}   Appellant was charged by indictment with one count of gross sexual imposition, a felony of the third degree pursuant to R.C. 2907.05(A)(4), and one count of kidnapping with a sexual motivation specification, a felony of the first degree pursuant to R.C. 2905.01(A)(4).

{¶5}   On August 10, 2018, appellant withdrew his previously-entered plea of not guilty and entered pleas of guilty to gross sexual imposition [Count I] and an amended count of abduction pursuant to R.C. 2905.02(A)(1) [Count II], both felonies of the third degree.  The trial court ordered a pre-sentence investigation (P.S.I.).

---

[1] At sentencing, appellee described the victim as 10 years old at the time of the offense.

{¶6} On September 26, 2018, appellant appeared before the trial court for sentencing and was determined to be a Tier II sex offender. The trial court found that Counts I and II merged for purposes of sentencing, and appellee elected to sentence upon Count I. The trial court thereupon imposed a mandatory prison term of 60 months and notified appellant of a five-year period of post-release control.

{¶7} At sentencing, appellant apologized "for putting us in this situation" and the trial court asked what he meant, because the P.S.I. indicated appellant denied touching the child. Appellant agreed, claiming that he "take[s] full responsibility" and yet denies touching the child.

{¶8} The trial court further noted appellant has a record of prior felony convictions including nonsupport of dependents, probation violations, aggravated robbery, and receiving stolen property. He also has a lengthy record of misdemeanor convictions, and at sentencing, appellant had active warrants for failure to report to jail and failure to appear upon certain misdemeanors. The trial court stated in pertinent part:

* * * *.

Mr. Webb, I think it's pretty clear that you don't understand what's right and what's wrong even though you would argue that, and based on that your lack of remorse in this case, on Count 1 you will be sentenced to 60 months in prison. That is mandatory prison time. You will do the whole 6—or 5 years. You are ordered to pay court costs in this matter and you are given credit for 118 days of time served.

* * * *.

T. 19.

{¶9}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶10} "THE TRIAL COURT UNLAWFULLY ORDER DANA WEBB TO SERVE THE MAXIMUM SENTENCE FOR HIS CONVICTION, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**ANALYSIS**

{¶11} In his sole assignment of error, appellant argues the trial court erred in sentencing him to a maximum prison term of 60 months.  We disagree.

{¶12} We first note that pursuant to R.C. 2953.08(A)(1)(b), appellant may appeal the instant sentence, as it was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree. *State v. Cox*, 5th Dist. Licking No. 16-CA-80, 2017-Ohio-5550, ¶ 9.

{¶13} We now review felony sentences using the standard of review set forth in R.C. 2953.08. *Cox*, supra, 2017-Ohio-5550 at ¶ 10, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the

sentence is otherwise contrary to law. *See also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

{¶14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶15} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶16} R.C. 2953.08(G)(2)(a), allowing appellate review of whether the record supports findings made by the trial court, does not apply in the instant case. R.C. 2953.08(G)(2)(a) sets forth a standard for review of findings made pursuant to specific statutes, none of which are applicable to the instant case. Therefore, we only review the instant sentence to determine if it is contrary to law.

{¶17} A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Santos*, 8th Dist. Cuyahoga No. 103964, 2016–Ohio–5845, ¶ 12. Although a trial court

must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.* There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶ 49, citing *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.3d 820 (4th Dist. 1995).

{¶18} In the instant case, a sentence of 60 months is within the statutory framework set forth in R.C. 2929.14(A)(3)(a) for a felony of the third degree. The sentence is therefore not contrary to law. *Cox*, supra, 2017-Ohio-5550 at ¶ 12. The trial court stated that the sentencing factors and statements of the parties were taken into account in fashioning the sentence. The trial court ordered a P.S.I. and cited the P.S.I. throughout sentencing, particularly appellant's criminal history of felony convictions, misdemeanor convictions, and active warrants. The trial court also noted appellant's lack of remorse and his disingenuous statement of regret.

{¶19} Based on the foregoing, we find the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶20} While appellant may disagree with the weight given to these factors by the trial judge, appellant's sentence was within the applicable statutory range for a felony of

the first degree and therefore, we have no basis for concluding that it is contrary to law. *Moyer*, supra, 2019-Ohio-1187, ¶ 34.

{¶21} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶22} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.