[Cite as *State v. Swonger*, 2019-Ohio-4606.]

SwonCOURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19-CA-16 |
| | : | |
| CHRISTOPHER SWONGER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 18CR00584



JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         November 7, 2019




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CLIFFORD J. MURPHY                      TODD W. BARSTOW
Assistant Prosecuting Attorney          538 South Yearling Rd. Suite 202
20 North Second St., 4th Floor          Columbus, OH 43213
Newark, OH 43055

*Delaney, J.*

{¶1}　Appellant Christopher Swonger appeals from the March 13, 2019 Judgment of Conviction and Sentence of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　The following facts are adduced from appellee's bill of particulars filed January 11, 2019.

{¶3}　On August 4, 2018, a Newark police officer was dispatched to a residence on Meadowbrook Drive for a report of a burglary. The homeowners told police that a wallet and purse were removed from their kitchen counter. During this conversation, one of the homeowners received a text message from her bank asking her to authorize a charge on her credit/debit card. She told the bank to decline the charge and told the officer that the charge was attempted at a Dollar General Store on East Main Street.

{¶4}　Police obtained the surveillance video of an attempted purchase in the amount of $118.15. Police identified two males in the video as appellant and Mark Davis.

{¶5}　On August 2, 2018, a Newark police officer was dispatched to investigate a theft from a motor vehicle. The victim, Jane Doe, stated she parked and locked her car, but left a window slightly open. When she returned to the car, she discovered that the visors had been moved and the center console and glove compartment had been opened. Her wallet had been in the center console and was missing. She immediately called her credit card companies and froze her accounts. Approximately one hour after making the initial report, Jane Doe contacted the officer and reported that her bank notified her someone attempted to use one of her cards at a Circle K location on West Church Street.

{¶6} Police obtained surveillance video of the transaction and observed appellant attempting to use the stolen card.

{¶7} Appellant was initially arrested on counts of theft and receiving stolen property, and was granted a personal recognizance bond. He then absconded from a treatment center and failed to appear for court dates. On October 7, 2018, Newark police attempted to arrest appellant, and appellant provided his brother's name in an attempt to evade detection. He physically resisted arrest and threw drug evidence from his person. The drugs were subsequently tested and found to be a mixture of heroin and fentanyl.

{¶8} Appellant was charged by superseding indictment as follows: Count I, burglary pursuant to R.C. 2911.12(A), a felony of the second degree; Count II, receiving stolen property pursuant to R.C. 2913.51(A), a felony of the fifth degree; Count III, theft pursuant to R.C. 2913.02(A)(1), a felony of the fifth degree; Count IV, receiving stolen property pursuant to R.C. 2913.51(A), a felony of the fifth degree; Count V, identity fraud pursuant to R.C. 2913.49(B)(1), a felony of the fifth degree; Count VI, possession of heroin pursuant to R.C. 2925.11(A)(C)(6)(a), a felony of the fifth degree; and Count VII, tampering with evidence pursuant to R.C. 2921.12(A)(1), a felony of the third degree.

{¶9} On March 13, 2019, appellee moved to dismiss Counts I, II, III, and VII in exchange for appellant's pleas of guilty to Counts IV, V, and VI.

{¶10} Also on March 13, 2019, appellant appeared before the trial court and entered pleas of guilty to Counts IV, V, and VI. The trial court considered the results of a pre-sentence investigation (P.S.I.) and found appellant not amenable to a community-control sanction. The trial court imposed prison terms of 12 months upon Count IV, 12

months upon Count V, and 6 months upon Count VI, to be served consecutively for an aggregate prison term of 30 months.

{¶11} In the sentencing entry dated March 13, 2019, the trial court found consecutive terms were necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶12} The trial court further found that appellant committed one or more of the offenses while awaiting trial or sentencing; while appellant was on community supervision; or was on post-release control for a prior offense; and at least two of the multiple offenses were committed as one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as any of the courses of conduct adequately reflects the seriousness of the appellant's conduct; and that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} The trial court also ordered appellant to pay restitution to the Meadowbrook homeowners in the amount of $1,000.00. At the sentencing hearing, the prosecutor stated, * * *. "There is agreed restitution of $1,000 to [the two homeowners] in this matter, which represents the deductible." * * * *. T. 14.

{¶14} One of the homeowners made a statement at sentencing and stated in pertinent part:

         * * * *.

Um, due to our loss we were forced to file an insurance claim. We estimated to replace all of the missing items was going to cost somewhere around $5,000, however, the insurance company depreciates the value of the items and subtracts the deductible that we owe—the $1,000. They settled with us for just a little over $1,200. Um, we received $1,200 to replace $5,000 worth of items. This does not include the $500 in cash my wife had in her purse, since insurance will only cover $200. Add to this that because we had to file a claim, we now have a negative credit on our insurance for theft. This negative report will stay on our insurance for five to seven years and has already caused our insurance rates to increase. * * * *.

T. 17-18.

{¶15} Appellant now appeals from the trial court's judgment entry of conviction and sentence.

{¶16} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I.  THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

{¶18} "II.  THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION."

**ANALYSIS**

I.

{¶19} In his first assignment of error, appellant argues the trial court improperly considered only his criminal record in fashioning the sentence in this case. We disagree.

{¶20} We begin by noting we find no support in the record for appellant's factual premise that "the trial court focused exclusively on [his] prior criminal record." Brief, 1. As noted supra, the trial court referred this matter for a P.S.I., the results of which are in the record under seal. The trial court noted the P.S.I. was one factor taken into account in sentencing. T. 24. One of the victims made a lengthy victim-impact statement on the record at sentencing, which was also weighed by the trial court. T. 14, 24. Appellant made a statement of his own, blaming his crimes on his longstanding drug addiction. T. 21, 24. Appellant asked the trial court to send him back to a community-based corrections facility, but the trial court pointed out that appellant previously escaped from that very facility. T. 24. The trial court specifically noted appellant has prior felony offenses of violence for which he has served prison time, therefore he is not amenable to community control. Moreover, appellant committed one or more of the instant offenses while on post-release control supervision. T. 26.

{¶21} Appellant was sentenced pursuant to a negotiated plea agreement. We note that pursuant to R.C. 2953.08(A)(1)(b), appellant may appeal the instant sentence, as it was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree. *State v. Cox*, 5th Dist. Licking No. 16-CA-80, 2017-Ohio-5550, ¶ 9.

{¶22} We now review felony sentences using the standard of review set forth in R.C. 2953.08. *Cox*, supra, 2017-Ohio-5550 at ¶ 10, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

{¶23} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶24} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

*Consecutive Terms*

{¶25} In the instant case, the trial court imposed consecutive prison terms.  We note appellant does not argue that the trial court failed to make the proper findings;

instead, he disagrees with the weight afforded to those findings. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell*, supra, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

{¶26} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *Bonnell*, supra, 2014-Ohio-3177 at ¶ 23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander*, 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶27} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences and provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was

under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶28} In this case, the record does establish that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. Appellant argues, though, that the trial court gave undue weight to his criminal history. We do not find this argument compelling and note that in formulating the sentence, the trial court relied upon the P.S.I., the victim impact statement, appellant's lack of remorse, appellant's chronic drug use, and the fact that appellant committed some of the offenses while on post-release control.

{¶29} We also note that in the sentencing entry, the trial court found that consecutive sentences are necessary to protect the public from future crime or to punish the offender; are not disproportionate to appellant's conduct and to the danger he poses to the public; and at least two of the multiple offenses were committed as part of one or

more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of appellant's conduct.

*Maximum Terms*

{¶30} The trial court imposed maximum consecutive terms upon Counts IV and V. A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Santos*, 8th Dist. Cuyahoga No. 103964, 2016–Ohio–5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.* There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶ 49, citing *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.3d 820 (4th Dist. 1995).

{¶31} In the instant case, sentences of 12 months are within the statutory framework set forth in R.C. 2929.14(A)(5) for felonies of the fifth degree. The sentence is therefore not contrary to law. *Cox*, supra, 2017-Ohio-5550 at ¶ 12.

{¶32} Based on the foregoing, we find the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider

when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶33} While appellant may disagree with the weight given to these factors by the trial judge, appellant's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law.  *Moyer*, supra, 2019-Ohio-1187, ¶ 34.  Accordingly, we find that the trial court did not err in the imposition of appellant's prison sentence, including imposition of consecutive terms, and did not fail to consider the statutory factors.

{¶34} Appellant's first assignment of error is overruled.

II.

{¶35} In his second assignment of error, appellant argues the trial court erred in ordering him to pay restitution.  We disagree.

{¶36} As appellee points out and as noted supra, the record of the sentencing hearing establishes appellant agreed to pay restitution as part of his negotiated plea agreement.  T. 14.  Not only was no objection raised, therefore, but appellant affirmatively agreed to pay restitution in the amount of $1,000.

{¶37} We find the restitution order was agreed to by appellant and appellee. It is well-established that R.C. 2953.08(D)(1) therefore bars appellant from challenging restitution on appeal. See, e.g., *State v. Burns*, 6th Dist. Lucas No. L-11-1192, 2012-Ohio-4191, 976 N.E.2d 969, ¶ 33 [appellant's assent at sentencing hearing and failure to object leads to logical conclusion that he agreed to restitution order]; *State v. Wickline*, 3rd Dist.

Logan No. 8-10-20, 2011-Ohio-3004, ¶ 16 [as part of negotiated plea agreement, appellant voluntarily agreed to pay restitution]; *State v. Speweike,* 6th Dist. Wood No. L–10–1198, 2011–Ohio–493, ¶ 39 [criminal defendants can stipulate to amount of restitution to be ordered as a part of a sentence under R.C. 2929.18(A)(1) and stipulation itself provides sufficient basis for the restitution amount under the statute].

{¶38} Appellant's second assignment of error is therefore overruled.

## CONCLUSION

{¶39} Appellant's two assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, J. and

Wise, John, J., concur.