[Cite as *State v. Lewis*, 2023-Ohio-3307.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0004 |
| GARLAND LEWIS | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0486

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 15, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, J.*

{¶1}  Defendant-appellant Garland Lewis appeals his sentence entered by the Muskingum County Court of Common Pleas, on five counts of corrupting another with drugs, after the trial court accepted his guilty pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On April 15, 2022, G.P., a minor, and several friends, including K.T. and H.P., who were also minors, as well as H.E. and J.F., who were both 20 years old, were having a "fun Friday," getting drunk, doing coke, and smoking weed. Transcript of Sentencing Hearing at p. 27.  Shortly after midnight on April 16, 2022, G.P. contacted Appellant's co-defendant, Chad Kennedy, through Facebook Messenger.  G.P. asked Kennedy if he was with Appellant as she needed $70 worth of cocaine.  After some discussion, G.P. agreed to meet Appellant and Kennedy at the Lazy River Lounge to purchase the drugs.  G.P. traveled to the Lazy River Lounge with H.E. and another friend who was not involved in the subsequent events.  Following the purchase, G.P. and her friends return to their other friends.  G.P., K.T., H.P., H.E., and J.F. ultimately overdosed on the cocaine which was laced with fentanyl.  The five were taken to the hospital and revived with Narcan.

{¶3}  On September 28, 2022, the Muskingum County Grand Jury indicted Appellant on five counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(3) and (C)(1), felonies of the second degree; three counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a) and (C)(1), felonies of the second degree; one count of trafficking in a fentanyl-related compound, in violation of R.C. 2925.03(A)(1) and (C)(9)(a), a felony of the fifth degree; and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(a), a felony of the fifth degree.

Appellant appeared before the trial court for arraignment on October 5, 2022, and entered pleas of not guilty to all of the charges.

**{¶4}** Appellant appeared before the trial court on November 21, 2022, withdrew his former pleas of not guilty, and entered guilty pleas to Counts One, Two, Three, Four, and Five of the Indictment. The trial court deferred sentencing, pending a pre-sentence investigation.

**{¶5}** The trial court conducted a sentencing hearing on December 28, 2022. The trial court imposed a mandatory minimum prison term of three (3) years to an indefinite term of four and one-half (4 ½) years on Count One, and mandatory prison terms of three (3) years on Counts Two, Three, Four, and Five. The trial court ordered the sentences be served consecutively, for an aggregate sentence of a mandatory minimum of fifteen (15) years to an indefinite term of sixteen and one-half (16 ½) years. The trial court memorialized Appellant's sentence via Entry filed January 5, 2023. Upon motion of the state, the trial court dismissed Counts Six, Seven, Eight, Nine, and Ten of the Indictment. January 6, 2023 Order Granting Motion to Dismiss.

**{¶6}** It is from this sentence Appellant appeals, raising the following assignments of error:

> I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH [IN] O.R.C. 2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. 2929.12.
>
> II. SHOULD [SIC] THIS HONORABLE COURT SHOULD VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE

SENTENCES ON COUNTS 2-3 AND 5 BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES.

I, II

**{¶7}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶8}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶9}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the

sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶10} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶11} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶12} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶13}** Appellant does not argue his sentence was outside the sentencing range permitted by law, but rather asserts his sentence was disproportionate and inconsistent with the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. As set forth in *Jones, supra*, this Court is without authority to reweigh the statutory sentencing factors.

**{¶14}** In its January 5, 2023 Entry, the trial court stated it had "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of the seriousness and recidivism factors under Ohio Revised Code 2929.12." Jan. 5, 2023 Entry at p. 1, unpaginated. Further, the trial court sentenced Appellant within the statutory range. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement the court state its reasons for imposing a particular sentence within the statutory range. *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17. Accordingly, we find the sentence is not contrary to law.

**{¶15}** Additionally, Appellant claims the aggregate sentence amounts to cruel and unusual punishment. Appellant notes he was clearly remorseful and readily took responsibility for his actions.

**{¶16}** "[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 20. Further, "[w]here none of the individual sentences imposed on an offender are grossly disproportionate to their respective

offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.*

**{¶17}** Here, Appellant was sentenced to a mandatory minimum prison term of three (3) years to an indefinite term of four and one-half (4 ½) years on Count One, and mandatory prison terms of three (3) years on Counts Two, Three, Four, and Five. The individual sentences fall within the statutory ranges for the offenses. As such, we find Appellant's sentence does not amount to cruel and unusual punishment.

**{¶18}** Appellant further submits the trial court erred in imposing consecutive sentences.

**{¶19}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶20}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith,* 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶21}** At the December 28, 2022 sentencing hearing, the trial court stated:

I'll note again, I received the presentence investigation. I've reviewed it thoroughly. I reviewed the letters on [Appellant's] behalf * * * as well as the letters from the victims in this matter * * *

Court finds consecutive sentences are necessary to protect the public and punish the offender. Consecutive sentences are not

disproportionate to the seriousness of the conduct imposed to – and the danger posed to the public.

Additionally, at least two of the multiple offenses were committed as part – as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct.

**{¶22}** Tr. Dec. 28, 2022 Sentencing Hearing at pp. 34, 39.

**{¶23}** In its January 5, 2023 Entry, the trial court likewise found "the imposition of consecutive sentences are necessary to protect the public from future crime or to punish [Appellant], and that consecutive sentences are not disproportionate to the seriousness of [Appellant's] conduct, and to the danger [Appellant] poses to the public." Jan. 5, 2023 Entry at p. 2, unpaginated. The trial court further found "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as a part of the course of conduct adequately reflects the seriousness of [Appellant's] conduct." *Id.*

**{¶24}** Appellant concedes the trial court made the requisite findings, but contends "consecutive sentences were not necessary to protect the public because the Appellant did not pose a risk so great as to impose consecutive sentences in aggregate of 15 years." Brief of Appellant at p. 12. Appellant further argues "the seriousness of his conduct was

that of selling an F5 level of drugs to two individuals, not 5. Imputing his conduct to the 3 individuals that G.P. and [H.E.] supplied drugs to, and were never charged for the same, is an injustice." *Id.*

**{¶25}** Upon review of the transcript of the sentencing hearing, we are not "left with a firm belief or conviction that the findings are not supported by the evidence." See, *State v. Gwynne*, —— Ohio St.3d ——, 2022-Ohio-4607, —— N.E.3d ——, ¶ 23. At the sentencing hearing, Appellant acknowledged he sold drugs to make money. Tr. Dec. 28, 2022 Sentencing Hearing at p. 34. Appellant agreed with the trial court's characterization of him as a predator who was poisoning the community. *Id.* Appellant admitted he did not have a job and was supporting himself by selling drugs. *Id.* at p. 35. Appellant conceded he did not test the drugs before he sold such to G.P. *Id.* We find the trial court's imposition of consecutive sentences is supported by the record.

**{¶26}** Appellant's first and second assignments of error are overruled.

**{¶27}** The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

King, J. concur