[Cite as *State v. Hinkle*, 2026-Ohio-1857.]

### IN THE OHIO COURT OF APPEALS
### FIFTH APPELLATE DISTRICT
### LICKING COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2026 CA 00006 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025 CR 00356 |
| BRADLEY J. HINKLE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 21, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** JENNY WELLS, KENNETH W. OSWALT, for Plaintiff-Appellee; STEPHEN T. WOLFE, for Defendant-Appellant.


*King, P.J.*

{¶ 1}  Defendant-Appellant, Bradley J. Hinkle, appeals his January 5, 2026 sentence from the Licking County Common Pleas Court.  Plaintiff-Appellee is State of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 18, 2025, the Licking County Grand Jury indicted Hinkle on one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11 (second-degree felony), one count of aggravated trafficking (methamphetamine) in violation of R.C. 2925.03 (second-degree felony), and one count of tampering with evidence in violation of R.C. 2921.12 (third-degree felony).  The indictment included forfeiture specifications for U.S. currency and a vehicle under R.C. 2981.02 and 2941.1417.

{¶ 3}   On January 5, 2026, Hinkle pled guilty to amended charges; the second-degree felonies were reduced to third-degree felonies.  The drug offenses merged and the State elected sentencing on the trafficking count.  By judgment entry filed on the same date, the trial court sentenced Hinkle to maximum sentences of thirty-six months each on the trafficking and tampering counts, to be served consecutively.  Further, the trial court sentenced Hinkle to an additional two years due to Hinkle being on postrelease control at the time of committing the offenses; the two years were ordered to be served consecutively to the six years for a total term of eight years in prison.  The trial court ordered the forfeiture of the U.S. currency and the vehicle.

{¶ 4}   Hinkle filed an appeal with the following assignments of error:

I

{¶ 5}   "THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE ON THE HIGHEST DEGREE OFFENSE."

II

{¶ 6}   "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES."

I, II

{¶ 7}   In his assignments of error, Hinkle challenges the sentence imposed by the trial court.  This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State*

*v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds,* 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.). "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 11} We will address Hinkle's arguments within this framework.

### MAXIMUM SENTENCES

{¶ 12} Hinkle argues the imposition of maximum sentences on his third-degree felonies was contrary to law. We disagree.

{¶ 13} Felonies of the third degree are punishable by "a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b). Hinkle's sentences are within the statutory range for third-degree felonies.

{¶ 14} The trial court indicated it considered "the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12." Judgment Entry Filed January 5, 2026.

{¶ 15} "Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range." *State v. Santos,* 2016-Ohio-5845, ¶ 12 (8th Dist.); *accord State v. Webb,* 2019-Ohio-4195, ¶ 17.

{¶ 16} The record reflects the trial court imposed a sentence within the statutory range for a third-degree felony, and one that was not based on impermissible considerations.

{¶ 17} Upon review, we find the trial court did not err in sentencing Hinkle to the maximum statutory term.

CONSECUTIVE SENTENCES

{¶ 18} Hinkle argues the trial court erred in imposing consecutive sentences because it "did not engage in any sort of analysis." We disagree.

{¶ 19} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service

is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} As held by the Supreme Court: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶ 21} During the sentencing hearing, the trial court made the requisite findings for consecutive sentencing under R.C. 2929.14(C)(4), stating (T. at 21-22):

consecutive sentences are necessary to protect the public, to punish you, that they are not disproportionate to the seriousness of your conduct or the danger that you pose to the public. And, further, that these occurred while you were on active supervision from Case No. 21CR198, another conviction for methamphetamine trafficking for which you were placed on post-release control for a period of three years on March 10 of 2025. I'll impose two years of your post-release control time. I'll order they all run consecutively for an eight year prison term.

{¶ 22} In the sentencing entry, the trial court noted, "consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Judgment Entry filed January 5, 2026. The trial court further noted: "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense." *Id;* R.C. 2929.14(C)(4)(a).

{¶ 23} The record demonstrates the trial court received and thoroughly reviewed the presentence investigation report, heard statements from the prosecutor, defense counsel, and Hinkle himself, and considered the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12. T. at 16-20. In sentencing Hinkle, the trial court noted the following (T. at 20):

Your Ohio Risk Assessment Survey places you in a very high risk category for recidivism or being arrested for a new felony. You're at a 32 probably because the best predicter of future behavior is past behavior. Your past behavior has been terrible. You have been to prison at least for the last 20 years, and, you know, here it is. You got released from prison March 10th of 2025, and in less than three months, you're picked up again for this.

{¶ 24} The trial court further noted Hinkle has "been on probation plenty of times" and has parole violations. T. at 21.

{¶ 25} Upon review, we find the trial court made the required findings at the sentencing hearing for consecutive sentencing and incorporated its findings into its sentencing entry, meeting the requirements of R.C. 2929.14(C)(4); the trial court did not err in imposing consecutive service.

{¶ 26} Assignments of Error I and II are denied.

{¶ 27} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is AFFIRMED.

{¶ 28} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Montgomery, J. concur.